UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA SONIA ALLAICO PACHECO, et
al.,

                                    Petitioners,

                    -against-

WILLIAM P. JOYCE, et al.,

                                    Respondents.

25-CV-09348 (JAV)

TRANSFER ORDER

JEANNETTE A. VARGAS, United States District Judge:

Petitioners have filed a Petition for the writ of *habeas corpus* under 28 U.S.C. § 2241.

For the following reasons, the Court transfers this action to the United States District Court for

the Southern District of Texas.

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have

jurisdiction over the custodian. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95

(1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her

custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical

confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426,

442 (2004).

Petitioners were not located in the Southern District of New York at the time they filed

this Petition, and therefore, the Court does not have jurisdiction over their custodian, *see Padilla*,

542 U.S. at 441.  Accordingly, upon consent of the parties, and in the interest of justice, the

Court transfers this petition to the United States District Court for the Southern District of Texas.

*See* 28 U.S.C. §§ 1404(a), 1406(a).

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Southern District of Texas.

To ensure that Petitioners have an opportunity to have this petition considered by the Southern District of Texas, and to preserve that court's jurisdiction to rule on the Petition, the Court hereby ORDERS that Petitioners shall not be removed from the United States absent further court order. *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25-CV-0644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases.").

**The Court waives Local Civil Rule 83.1, which requires a seven-day delay before the Clerk of Court may transfer a case, and directs immediate transfer.**

**The United States Attorney is directed forthwith to alert the Chief of the Civil Division United States Attorney's Office for the Southern District of Texas of the transfer of this matter.**

This order closes the case in the Southern District of New York.

SO ORDERED.

Dated:   December 2, 2025
         New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2